Good morning. May it please the court. In this integration case, petitioner seeks to reopen her outstanding order removal entered in absentia by the Chicago Immigration Court in 2003. And for clarification purposes, your client's name is a single name? It's not Meri Yu? It's Meri Yu? I believe, well, it's been classified as Meri Yu, so that's the reference I'm using, but I guess it's really Meri Yu. It's not clear because her passport says the one name. Okay. So it's confusing. All right. Okay. So in 2017, petitioner filed a motion to reopen claiming several different grounds, of which the ground remaining for consideration today is whether there are change conditions in her native country of Indonesia as those conditions relate to ethnic and religious minorities. I would like to briefly place this motion into the context of her removal proceedings, which were unfortunately compromised by several procedural defects. This petitioner is not seeking a do-over for asylum application. Her filed her application in 2001 with the asylum office. However, the office deemed her application to be untimely, as was filed 15 months after her entry into the U.S., which is three months past the one-year filing deadline. The asylum office referred her case to the Immigration Court, which appears to have reinstated her case as one for asylum and set the matter for a hearing in June 2003. However, she failed to appear at this hearing. Now, petitioner attempted to bring a motion to reopen, timely filing such a motion, three months after missing her hearing. That motion was denied by the immigration judge because the critical evidence to such a motion, he said, was not filed. But in fact, such evidence had been filed because it was referred to specifically in the motion. Now, with this 2017 motion, her previous attorney included that evidence, which admittedly the board viewed as being not sufficient to reopen. However, we submit that if that evidence had been considered three months after missing her hearing, it might have been regarded as sufficient instead of looking at it many years later. So therefore, petitioner seeks to overcome the stigma to a motion to reopen. Somehow, she's seeking to needlessly promote more litigation or to disturb litigation that should remain final. She has never had a day in court on this application, and she deserves her chance to preserve the merits of her application. Now, our primary contention is that the Board of Immigration Appeals incorrectly determined that there was not a material change in country conditions. The board considered that the changes talked about by the petitioner were the same sort of changes that were previously in her case, that there were cumulative changes rather than a material change, and that they reflected ongoing discrimination and poor treatment. Now, this petitioner does face an additional hurdle in trying to demonstrate material change because conditions have been so poor for religious and ethnic minorities in Indonesia for a long period of time. However, the board simply dismissed the troubling increase in blasphemy cases as being insignificant of their own accord, but rather, in doing so, it overlooked the fact that this increase in cases really reflects the increase of a rising movement of religion in Indonesian society and politics. For example, the incident involving the ethnic Chinese politician for whom a blasphemy charge was filed. Are you claiming that the board didn't consider this evidence or they just didn't put enough weight into it? They didn't put enough weight. I mean, they appeared to look at it. The significant case was this ethnic Chinese politician who was charged with blasphemy, but in analyzing it, they said that it was an aberration. But there was an article published in the New York Times on April 15th of this year that looked at that incident and said that rather that incident was the initial incident of the So, they looked at that incident, but just simply didn't give it any weight really whatsoever. Now, these new changes in Indonesia are very well reflected in the 2018 State Department country report, which is not of record. We ask that this court take judicial notice of this report, which is an authoritative resource used as a reference in adjudicating asylum applications. Specifically, what does that report say that you believe would support your case? Well, it relates all of the incidents of harm against the religious communities, such as a suicide bombing that took place in 2018 against Christian churches, a blasphemy charge made against a woman from the same hometown as this petitioner who was charged with blasphemy, and the numerous smaller incidents of harm that are faced by the community. And neither side submitted that report, am I correct? No, it wasn't available, I guess, at the time of filing. The motion was filed in 2007, late 2017. This is the 2018 report. The Board of Immigration Appeals improperly declined to take judicial notice of State Department country report. For what reason did they give for that? They just cited simply some opinion, the dicta of some opinion from the 1980s stating that it's not their job to create a record. So, I mean, I can understand for many different facts, but where it's a State Department country report, which is very reliable and is used in adjudication of these applications anyway, it seems spurious and arbitrary that they would not welcome the opportunity. Of course, your client didn't submit it to the board either. No, but this 2018 report, I believe, was after the motion was filed. After what? After the 2017 motion to reopen was filed, this 2018 report. I'm not sure if Was it supported, was it submitted with the motion to reconsider? I know that's not before the court. I know that's not before the court, but it was out at the time the motion to reconsider was filed. Yeah, that's true, it was, and it was not submitted, unfortunately, by our prior attorney. You have to establish, as you've acknowledged, that there was a material difference in the country's conditions. The 2018 report talks about the difference back from 2003. Yeah, this is really the key issue. The petitioner is handicapped because her case was never adjudicated back in 2003. But what evidence is in the record that the board could have, should have, considered that you're claiming that would establish that material difference because that burden is on your client. Yes, you mean what evidence back in 2001 or 2003? What evidence is there to establish the material difference from 2003 to 2018? Because that's what she has to show. Yes, well we would say that this newly formed Islamic movement that has taken over Indonesian society, including their political system, is something that did not exist whatsoever in 2001. And it's resulted in increased incidents of harm against the affected communities. So What is the affected community? Well, the ethnic and religious minorities, such as such as petitioner. And you're not distinguishing between various ethnic and religious minorities? No, that's true. There is a difference, as I understand it, in Indonesia's, or has, there has been, between how Christians have been treated and how Chinese Buddhists have been treated. Yes, that's true. However, the ethnic religion, like 27% of the country, Christians are more easily spoken of because they're 10% of the population. So, but it seems as though all the communities are suffering harm. And the petitioner also is an ethnic minority, being Chinese, which on its own right has suffered harm, strictly for that basis. So Welcome back. Good morning again, Your Honors. You argue two cases, do you get to ride first class back and forth? You'd think so, but no. I'm the coach. May it please the court, Andrea Gios on behalf of the Attorney General. This court should deny the instant petition for review because the agency did not abuse its broad discretion in denying petitioners motion to reconsider. That is what is before this court, the April 2019 denial of motion to reconsider. And in denying the Isn't it the appeal itself that's before the court? I thought she did not appeal the motion to reconsider. That is what she appealed, Your Honor. Okay. She is appealing the motion, the 2019 motion to reconsider. And it is important to kind of go over this timeline really quickly. I think it may be helpful because the only issue before this court is the change country conditions from the motion to reopen. Petitioner mentioned that in 2003 his client was removed in absentia and then the immigration judge denied that motion to reopen. That is not before this court. The only thing before this court is the board's denial of the motion to reconsider, the 2017 motion to reopen. And when this court, in reviewing motion to consider, it's looking at whether the board made a factual or legal error in failing, in denying to reconsider that motion to reopen. Now the motion to reopen was untimely and petitioners claiming changed country conditions and that's the only issue before this court. To show changed country conditions it must be material, changed conditions and not previously available. The only thing before this court is whether it was material. And when you compare the country conditions at the time of the hearing, which for this petitioner would be 2003, with the evidence submitted with a motion to reopen, which is 2017, petitioner wants this court to take judicial notice of the 2018 country conditions, which was not before this court. And he also mentions an April 2019 article which also was not before this court. And according to 8 U.S.C. 2012-52 B4A, this court can only decide the petition on the administrative record of which the order was removed, which neither of the 2018 country conditions nor this April 2019 article was ever submitted. Now petitioner must show that the conditions was more than simply worsen. This court has said it's a deterioration of conditions. Petitioner filed some evidence with her 2017 motion including International Freedom Report, an article about a Christian cleric. Now this goes to the point of petitioner is claiming ethnic Chinese Buddhist as her group. However, she vacillates between Buddhism and Christian in her evidence. With her motion to reconsider, she attached no evidence besides her own declaration and a 1998 story, which again was well before her 2003 remove order. It was petitioner's burden to show change country conditions that were material. That is the only thing before this court and therefore petitioners failed to meet her burden of establishing material change country conditions to overcome her motion to reopen. She presented similar country conditions for 2003 when her hearing and with her 2017 motion to reopen. Therefore, she did not demonstrate any legal or factual error in the board's denial of her reconsideration motion. Therefore, this court should deny the petition for review. I will take any questions at this time. Thank you, Your Honor. Thank you. Mr. Chania, you have a little bit of time left. Well, one problem here is that the original record is not clearly developed so it's very hard to make a comparison. But nonetheless, I would repeat that this new instance of this Islamic incursion of radical policies into the political system is completely new from the previous record. And we ask that this court take judicial notice of current conditions, which I would add would also serve the goal of judicial economy because as there is no time limit to conditions, this court could end this litigation right now by determining her motion based on all of the current facts. Thank you. The case is taken under advisement.